IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRIS SAMUELS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0564-WS-M |
| ) | |
| **ARMSTEAD W. JOYNER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

The plaintiffs filed this action in September 2006 against five defendants: (1) Armstead W. Joyner; (2) Armstead W. Joyner & Associates; (3) Major S. Sanders, Jr.; (4) Major S. Sanders, Jr. AIA; and (5) Piedmont Excalibur. The complaint asserts twelve causes of action, only one of which is federal in nature.[1] That claim is asserted only against Armstead W. Joyner and Armstead W. Joyner & Associates (collectively, "the Joyner defendants"). All claims against the other defendants (collectively, "the Sanders defendants") rest on state law. Because diversity of citizenship is lacking, the single federal claim is the sole basis for original jurisdiction.

The Joyner defendants filed a motion to compel arbitration, (Doc. 11), which the Court granted in part, including with respect to the one federal claim. (Doc. 25). The Court thus granted the Joyner defendants' motion to stay that portion of the action pending arbitration. (*Id*. at 8).[2] Recognizing that only one small part of this action implicates the Court's original jurisdiction, and that even that small part will be resolved

---

[1] The complaint labels ten counts, but two additional causes of action — including the sole federal one — are asserted as part of the statement of facts. (Doc. 1, ¶¶ 74-76).

[2] The Court has since granted the joint motion of the plaintiffs and the Joyner defendants to compel arbitration of all claims against the Joyner defendants and to stay the entire action as to them.

by arbitration rather than litigation, the Court ordered the plaintiffs " to file and serve ... a brief setting forth, and supporting with authority and cogent argument, their position as to whether this action should remain in federal court" and specifically directed the plaintiffs to "address, without limitation, the application of 28 U.S.C. § 1367(c)." (*Id*. at 9). After additional prompting, (Doc. 29), the plaintiffs filed a motion to retain jurisdiction and enter default judgment. (Doc. 31).

Because the plaintiffs asserted a federal cause of action, the Court has supplemental jurisdiction over all other claims forming part of the same case or controversy as contemplated by Article III of the Constitution. 28 U.S.C. § 1367(a). Despite the presence of jurisdiction, "[t]he district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id*. § 1367(c)(2). The plaintiffs correctly concede that their state claims against the Sanders defendants predominate over the single federal claim they have brought. (Doc. 31 at 3 n.1). *See, e.g., Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733, 744 (11th Cir. 2006) ("A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.") (internal quotes omitted). The question is whether the Court should decline to exercise supplemental jurisdiction over the plaintiffs' state-law claims against the Sanders defendants.

A district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all federal claims. 28 U.S.C. § 1367(c)(3). In exercising its discretion under this subsection, "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted). The plaintiffs assume that the same considerations inform a court's discretion when state claims predominate over federal, (Doc. 31 at 3), and the Court indulges the same

assumption.  The plaintiffs, seizing on the "judicial economy" aspect, identify two reasons why the Court should exercise supplemental jurisdiction: (1) the Sanders defendants are in default; and (2) the Sanders defendants are diverse from the plaintiffs.  (*Id.* at 3-5).  The Court examines each argument in turn.

After receiving the Court's order requiring briefing on Section 1367(c), the plaintiffs promptly (on the next business day) filed a motion for entry of default against the Sanders defendants.  (Doc. 26).  The clerk entered default, (Doc. 27), and the plaintiffs argue that the case is therefore so far advanced that it would be uneconomical to require them to start over.  By this they apparently mean that a new lawsuit would deprive them of the benefit of the entry of default, potentially requiring them to prove liability and thus wasting judicial resources on liability issues that, as of now, need not be addressed.

The timing of the plaintiffs' motion for entry of default suggests an effort to unilaterally skew the Section 1367(c) analysis.  Moreover, default was improperly entered for at least two reasons.  First, the plaintiffs filed a *motion* for entry of default, and only the Court can grant a motion.  Second, the plaintiffs failed to establish proper service on two of the Sanders defendants.  The plaintiff represents that Major S. Sanders, Jr. AIA and Piedmont Excalibur are corporations, (Doc. 1 at 2), but the returns of service purport to have effected personal service without identifying the individual accepting service on behalf of the corporations.  (Docs. 17-18).  Even if it be assumed that service was made on Major S. Sanders, Jr., the individual, the record contains nothing to establish, legally or factually, that delivery to Sanders constitutes legal service on the corporations.  For these reasons, the entry of default against the Sanders defendants is **set aside** pursuant to Federal Rule of Civil Procedure 55(c).  *See generally Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (district court has authority to set aside default sua sponte on a showing of good cause).

The plaintiffs argue that, if the Court declines to exercise jurisdiction over their claims against the Sanders defendants, they will simply re-file in federal court because

complete diversity exists between them.  This would be a more persuasive argument if the plaintiffs had demonstrated the Sanders defendants' citizenship.  While Sanders the individual was personally served in Greensboro, North Carolina, (Doc. 16), no similar evidence exists as to the corporate defendants' citizenship.  The complaint identifies them only as "foreign corporation[s]," (Doc. 1 at 2), and even now the plaintiffs can assert only "upon information and belief" that they "are North Carolina corporations."  (Doc. 31 at 4).  However, an on-line search on the North Carolina Secretary of State's web site fails to disclose either corporate defendant.[3]  Moreover, corporate citizenship for diversity purposes includes not just the state of incorporation but the state that constitutes the entity's principal place of business, 28 U.S.C. § 1332(c)(1), and the plaintiffs do not even attempt to address the latter aspect.  The Court cannot on this record conclude that neither corporate defendant is, like the plaintiffs, a citizen of Virginia.  Thus, the Court cannot conclude that the plaintiffs could properly re-file suit against the Sanders defendants in federal court.

With the plaintiffs' only arguments rejected, the Court easily concludes that its discretion should be exercised in favor of declining to exercise supplemental jurisdiction.  The statutory predicate of Section 1367(c)(2) is satisfied, and concerns of "comity, judicial economy, convenience, fairness, and the like" do not indicate that such jurisdiction should nonetheless be exercised.  Accordingly, pursuant to Section1367(c), the plaintiffs' claims against the Sanders defendants are **dismissed without prejudice**.

DONE and ORDERED this 13th day of February, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[3]That a corporation need not carry the same citizenship as even its namesake principal is illustrated by the Joyner defendants, with the plaintiffs conceding that the individual is a Virginia citizen while the entity is a Pennsylvania corporation.  (Doc. 19 at 10).